IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHEY R. FARMER, JR.,**

 **Plaintiff,**

 v.               **CASE NO. 24-3033-JWL**

**CORECIVIC, INC., et al.,**

 **Defendants.**

## MEMORANDUM AND ORDER

  Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Leavenworth County Jail in Leavenworth, Kansas. Plaintiff is currently incarcerated at the Larned State Correctional Facility in Larned, Kansas. Plaintiff's claims are based on an incident occurring during his detention at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). The Court granted Plaintiff leave to proceed in forma pauperis. On March 25, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until April 19, 2024, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court granted Plaintiff three extensions of time to respond, and Plaintiff has now filed his response (Doc. 13). The Court's screening standards and Plaintiff's factual allegations are set forth in the Court's MOSC.

  Plaintiff alleges negligence and a failure to protect him in violation of his Eighth Amendment rights. Plaintiff names as defendants: CoreCivic Inc., formerly known as Corrections Corporation of America; Sam Rogers, CoreCivic Warden; Noah Hardin, CoreCivic Correctional Officer; Kenneth Bourge, Captain Officer; and Mathhew Niecko. Plaintiff seeks compensatory damages. (Doc. 1, at 10.)

1

The Court found in the MOSC that Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.[1]  Although Plaintiff states that he is bringing his claims under § 1983, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted).

CoreCivic is a private corporation.  "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*, . . . that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  The requirement is satisfied if two conditions are met.  First, the deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005), *cert. denied* 547 U.S. 1111 (2006) (citing *Lugar*, 457 U.S. at 937).  Second, the private party must have "acted together with or [ ] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id*. at 1208.

In his response, Plaintiff argues that Defendants acted under color of state law because "they obtained significant aid from state officials to investigate and charge [Plaintiff] with first degree murder in the state of Kansas." (Doc. 13, at 2.)  Plaintiff then argues that he is in a state prison now "for what happened in CCA CoreCivic so right there they obtained aid from state

---

[1] The Court also found in the MOSC that Plaintiff does not have a claim under *Bivens*.  Plaintiff does not dispute this finding in his response.

officials and engaged in conduct otherwise chargeable to the state." *Id*. Lastly, Plaintiff argues that "a private entity that contracts with the state to perform a traditional state function such as providing medical service to prison inmates may be sued under 42 U.S.C. § 1983 as one acting under color of state law." *Id*.

Plaintiff alleges in his Complaint that he was placed in danger at CoreCivic when he was placed back in the same pod with an inmate that had made threats against Plaintiff. When Plaintiff was placed back in the pod, the inmate told Plaintiff to get Plaintiff's food and hygiene items and then check out. Plaintiff pushed the call button, but when staff did not respond, the inmate got mad and told other inmates that he was just about to stab Plaintiff. Plaintiff panicked, picked up a food tray, and hit the inmate in the head. The inmate fell down, Plaintiff kicked him a few times, and the inmate died two days later. Plaintiff alleges that he was then charged with first degree murder. Plaintiff alleges that Warden Rogers and CO Hardin knew about the risk to Plaintiff and ignored it. Plaintiff alleges that he did not know that Hardin had prior knowledge of the risk until Hardin testified at Plaintiff's preliminary hearing on August 18, 2023. Plaintiff alleges that this new evidence should prevent his claim from being barred by the statute of limitations.

The incident underlying Plaintiff's claims in his Complaint occurred around July 28, 2021, at CoreCivic. (Doc. 1, at 4.) Plaintiff was charged by the State of Kansas based on the incident. *See State v. Farmer*, Case No. 2021-CR-000674 (District Court of Leavenworth County, Kansas). The state criminal case was filed on October 19, 2021, and lists an offense date of August 2, 2021. *Id*. A jury found Plaintiff guilty of voluntary manslaughter on February 29, 2024. *Id*.

Although Plaintiff was subsequently charged by the State of Kansas, at the time of the incident he was housed at CoreCivic as a federal detainee. *See United States v. Spaeth*, 69 F.4th 1190, 1193 (10th Cir. 2023) (noting that the Leavenworth Detention Center is a private detention

3

center managed by CoreCivic, formerly the Corrections Corporation of America, and that the facility contracts with the U.S. Marshals Service to detain federal defendants awaiting trial and sentencing).

In *United States v. Farmer*, Case No. 19-20050-SRB, a Detention Order (Doc. 11) was entered on August 12, 2019, and Plaintiff was housed at CoreCivic. *Id*. at Doc. 16 (ordering United States Marshals Service to arrange transportation for Plaintiff from CoreCivic). Plaintiff was still housed at CoreCivic as of September 20, 2021. *Id*. at Doc. 66 (September 20, 2021 Order allowing Plaintiff's mother to visit him at CoreCivic on September 21, 2021). On November 15, 2022, an Amended Judgment was entered in Plaintiff's federal criminal case. *Id*. at Doc. 95. Plaintiff was sentenced to 46 months of imprisonment and was committed to the custody of the United States Bureau of Prisons. *Id*.

Plaintiff alleges no facts to support an inference that any of the Defendants were acting under state law or in conspiracy with any state official. Although Plaintiff argues that Defendants cooperated with state officials in investigating the incident and bringing charges against Plaintiff, nothing suggests that the Defendants obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the State. Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law). Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons stated in the Court's MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated July 17, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
